# EXHIBIT B



**AEROTEK**

*People. Fit. Perfectly.*

July 12, 2010

VIA CERTIFIED MAIL

Ms. Kalee Werth
c/o Remedy Intelligent Staffing
4261 Lien Road
Madison, WI 53704

     Re:    Our Ref. M#10-041

Dear Ms. Werth:

     As Associate General Counsel of Aerotek, Inc. ("Aerotek") f/k/a Onsite Companies, Inc. ("Onsite"), I am writing regarding your employment by Remedy Intelligent Staffing ("Remedy") in Madison, Wisconsin. We understand that Remedy is an organization engaged in the business of recruiting and providing data services and technology personnel to industry and, thus, is in direct competition with Aerotek.

     On August 21, 2003, upon your employment with Aerotek, you executed an Employment Agreement, a copy of which is enclosed. Paragraph 3 of the Employment Agreement contains the following restrictive covenant:

     3.     NON-COMPETE COVENANT: "EMPLOYEE agrees that upon the termination of EMPLOYEE'S employment, whether by ONSITE or EMPLOYEE and whether with or without cause, for a period of eighteen (18) months thereafter EMPLOYEE shall not directly or indirectly engage in or prepare to engage in, or be employed by, any business that is engaging in or preparing to engage in any aspect of ONSITE'S business in which EMPLOYEE performed worked during the two (2) year period preceding his/her termination of employment, within a radius of fifty (50) miles of the office in which EMPLOYEE worked at the time EMPLOYEE'S employment terminated or any other office in which EMPLOYEE worked during the two (2) years preceding termination of employment, or as much geographic territory as a court of competent jurisdiction deems reasonable. The prohibitions contained in this paragraph shall extend to (i) activities undertaken by EMPLOYEE directly on EMPLOYEE's own behalf, and to (ii) activities undertaken by EMPLOYEE indirectly through any individual, corporation or entity which undertakes such prohibited activities with EMPLOYEE's assistance and in or with respect to which EMPLOYEE is an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participates in some other capacity.

Ms. Kalee Werth
July 12, 2010
Page 2

4.    NON-SOLICITATION COVENANT:    EMPLOYEE agrees that upon the termination of EMPLOYEE's employment, whether by ONSITE or EMPLOYEE and whether with or without cause, for a period of eighteen (18) months thereafter EMPLOYEE shall not directly or indirectly:

(a)    Approach, contact, solicit or induce any individual, corporation or other entity which is a client or customer of any of the ONSITE Companies, about which EMPLOYEE obtained knowledge by reason of EMPLOYEE's employment by ONSITE, in an attempt to:

(i)    enter into any business relationship with a client or customer of any of the ONSITE Companies if the business relationship is competitive with any aspect of ONSITE's Business in which EMPLOYEE worked during the two (2) year period preceding termination of employment, or

(ii)    reduce or eliminate the business such client or customer conducts with the ONSITE Companies; or

(b)    Approach, contact, solicit or induce any Regular Employee of the ONSITE Companies;

(i)    to provide services to any individual, corporation or entity whose business is competitive with any of the ONSITE Companies, or

(ii)    to leave the employ of any of the ONSITE Companies; or

(c)    Approach, contact, solicit or induce any person who has been a Contract Employee within the two (2) year period prior to the date of termination of EMPLOYEE's employment and about whom EMPLOYEE obtained knowledge by reason of EMPLOYEE's employment with the ONSITE Companies:

(i)    to cease working for any of the ONSITE Companies at clients or customers of any of the ONSITE Companies, or

(ii)    to refrain from beginning work for any of the ONSITE Companies at clients or customers of any of the ONSITE Companies, or

Ms. Kalee Werth
July 12, 2010
Page 3

        (iii)     to provide services to any individual, corporation or entity whose business is competitive with any of the ONSITE Companies.

As used in this Paragraph 4: "Regular Employee" means an employee of ONSITE who is not a "Contract Employee"; and "Contract Employee" means an employee of any of the ONSITE Companies who is or was employed to work at customers or clients of any of the ONSITE Companies.

The prohibitions contained in (a), (b) and (c) above shall extend to (i) activities undertaken by EMPLOYEE directly on EMPLOYEE's own behalf, and to (ii) activities undertaken by EMPLOYEE indirectly through any individual, corporation or entity which undertakes such prohibited activities with EMPLOYEE's assistance and in or with respect to which EMPLOYEE is an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participates in some other capacity.

Furthermore, paragraph 6 of the Employment Agreement provides:

6.     COVENANT NOT TO DIVULGE CONFIDENTIAL INFORMATION: EMPLOYEE covenants and agrees that, except as required by the proper performance of EMPLOYEE'S duties for ONSITE, EMPLOYEE shall not use, disclose or divulge any Confidential Information of ONSITE to any other person, entity or company besides the ONSITE Companies. For purposes of this Agreement, "Confidential Information" shall mean information not generally known by ONSITE's competitors or the general public concerning the ONSITE companies and that ONSITE Companies take reasonable measures to keep secret, including but is not limited to: their financial affairs, sales, and marketing strategy, acquisition plans, pricing and costs; their customers' names, addresses, telephone numbers, contact persons, staffing requirements, margin tolerances regarding pricing, and the names, addresses, telephone numbers, skill sets, availability and wage rates of its temporary or contract personnel; sales, recruiting, pricing and marketing techniques, sales and recruiting manuals, forms and processes for acquiring and recording information, financial controls, and management practices, procedures and processes.

Your employment with Remedy appears to be in direct violation of your Employment Agreement with Aerotek. Moreover, we understand that you have contacted Aerotek customers since joining Remedy in direct violation of your obligation to Aerotek.

Ms. Kalee Werth
July 12, 2010
Page 4


      This letter is to advise you that Aerotek expects you to abide by the terms of your Employment Agreement with Aerotek.  We expect you to provide the undersigned with your written commitment to abide by the terms of your agreement in your present employment situation.  Please be advised that we also are writing to Remedy notifying them of the existence of your Employment Agreement and requesting written confirmation from them that they will honor the terms of your Employment Agreement with Aerotek.  If we do not hear from you by Monday, July 19, 2010, we will pursue injunctive relief and damages and will utilize all legal means available to ensure compliance with your obligations to Aerotek.

      Very truly yours,

Jennifer M. Eyler
Associate General Counsel

Enclosure