IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AEROTEK, INC.,

                Plaintiff,                OPINION AND ORDER

v.

                                          10-cv-551-wmc

KALEE WERTH and
REMEDY INTELLIGENT
STAFFING, INC.,

                Defendants.

---

On September 27, 2010, plaintiff Aerotek, Inc.[1] filed this lawsuit in which it asserts six causes of action against defendants Kalee Werth and Remedy Intelligent Staffing, Inc. Aerotek's claims all stem from its allegations that Werth breached the employment agreement she had with Aerotek by violating the non-competition, non-disclosure and non-solicitation restrictions found in the agreement. Aerotek's core concern is that Werth and Remedy, a direct competitor of Aerotek's, are using information Werth obtained while working at Aerotek to solicit and obtain clients belonging to Aerotek.

In addition to filing the lawsuit, plaintiff filed a motion for a temporary restraining order[2] and a preliminary injunction. Dkt. #2. Plaintiff has clearly laid out its

---

[1] Aerotek provides staffing and recruiting services to various industries. Aerotek searches for and recruits appropriate candidates to meet the staffing needs of its national client base.

[2] Plaintiff does not ask for an *ex parte* TRO and, thus, the requirements and high burden under Federal Rule of Civil Procedure 65(b) does not apply.

arguments for prompt injunctive relief quickly. According to plaintiff, upon hiring defendant Werth in May 2002, plaintiff and she entered into an employment agreement with plaintiff "not to: compete against Aerotek within a 50 mile radius of Aerotek's Madison, Wisconsin office for a period of 18 months after her departure; or solicit Aerotek clients for a period of 18 months after her departure from Aerotek." (Pl.'s Supp. Br., dkt. #3, at 1.) During her employment with Aerotek, Werth worked her way up in the company, reaching the higher-level sales position of Account Executive. Werth was responsible for soliciting new business, developing new client relationships and maintaining business relationships with existing clients. Werth's position with Aerotek gave her discretion to negotiate and set contract terms with clients.

In June 2010, Werth resigned from her position with Aerotek and shortly thereafter started working for defendant Remedy, Aerotek's direct competitor whose Madison office -- where Werth now works -- is run by another former Aerotek employee, Jim Holwerda. About a month later, plaintiff sent both Werth and Remedy's CEO, D. Stephen Sorenson, a letter advising of Werth's obligations to Aerotek under her previous employment agreement. A copy of the agreement was included with the letter.

Despite receiving this letter, Werth has allegedly provided confidential information to Holwerda and together the pair have been soliciting Werth's former clients with whom she worked while employed by Aerotek, including Omni Press, Logistics Health, Madison National Life, Great Lakes Higher Education, Madison Kipp, and Franklin Fueling Systems, Inc. Plaintiff contends that (1) Werth's actions are in direct violation of the employment agreement she signed with Aerotek, and (2) plaintiff

2

will suffer irreparable harm if Werth and Remedy are not enjoined from contacting and soliciting Aerotek's clients that Werth had worked with while employed by Aerotek.

Accordingly, IT IS ORDERED that:

(1) Plaintiff's request for a TRO will be set for argument next Friday, October 8, 2010, at 12:30 p.m.

(2) Plaintiff must file with the court by close of business on Monday, October 4, 2010, certification that it has served on defendants the following documents:

    (a) the complaint;

    (b) plaintiff's motion for TRO and preliminary injunction, along with all supporting documents;

    (c) a copy of this order; and

    (d) this court's procedures for handling preliminary injunctions.

(3) Upon being served, defendants will have until noon on Thursday, October 7, 2010, to file any opposition to plaintiff's motion for TRO.

(4) Plaintiff must file with the court by noon on Thursday, October 7, 2010, all additional documents necessary to comply with this court's procedures for handling preliminary injunction, which can be found on the court's website.

Entered this 1st day of October, 2010.

BY THE COURT:
\_\_\_/s/_____
WILLIAM M. CONLEY
District Judge

3